## King, et al. v. Wallace

### (Decided March 11, 1915.)

### Appeal from Garrard Circuit Court.

Adverse Possession—Operation and Effect—Extent of Possession.—The physical occupancy of a portion of the disputed premises was sufficient to extend an actual possession to the remainder thereof where same, though unenclosed, was cleared and the boundary claimed was in that manner well defined.

LEWIS L. WALKER for appellants.

R. H. TOMLINSON for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

John Wallace sued Allen King in the Garrard Circuit Court in ejectment to recover a small parcel of land. There was a verdict and judgment for the plaintiff and defendant appeals.

Wallace bought, in 1882, from Jones L. Adams a small parcel of land in Garrard County, said to contain "two acres and over" according to the deed. The land fronts on the Danville and Lexington pike, and lies about half a mile east of the point where the pike crosses Dix River. There was a house on the land, and about half an acre was fenced in immediately around the house.

The remainder was permitted to remain unenclosed; it was river-cliff land and not adapted to agricultural purposes.

A short distance to the east of the house in which Wallace lives the lands owned by one Poindexter front on the pike; and a short distance back of the house the line of the lands owned by Aaron Smith runs approximately parallel with the pike. The farm of the defendant, Allen King, lies to the west of Wallace's house, between it and the Dix river.

There was no official survey made, but the record contains a rough sketch or diagram which was used on the trial. As we understand it, the defendant claimed up to the fence at the lower side of the enclosure around Wallace's house, and behind the fence in the rear of his enclosure, and above the fence on the upper side thereof. In other words, he claimed all the land around the inclosure in which the plaintiff's house stands back to the Aaron Smith line and up the pike to the Poindexter line. The plaintiff claims that the line between him and defendant runs from a point in the Aaron Smith line in the rear of plaintiff's house, to the pike at a beech, so as to include approximately three acres in all.

It was shown in evidence by Henry Embry, a witness for the plaintiff, that the small boundary of land herein claimed by the plaintiff outside of his enclosure, was cleared up by the witness over forty years ago down to the line claimed by plaintiff which intersects the pike at a beech. This witness at that time lived in the house where plaintiff now lives and did the work for Jones Adams, from whom plaintiff purchased the place.

When plaintiff purchased the property he moved into the house and has occupied it continuously ever since, except during a period of about three years, when he had a tenant in it.

Both parties claimed the land in controversy under deeds from different vendors; but neither offered to show a title of record deducible of record from the Commonwealth, although each relied on his deed as evidence of the extent of his claim, and introduced his deed for that purpose, claiming the land by adverse possession. Neither of the deeds is definite in the description of the land conveyed, and the evidence in connection with them was so uncertain as to render it quite improbable that either of them was of any assistance to the jury.

Wallace, however, entered in 1882 upon the boundary herein claimed by him and has been ever since that date in the physical occupancy of the house and enclosure around it, claiming to the boundary of the cleared land; and his possession, by reason of that physical occupancy, was actual to the extent of the cleared land around it, although the same was unenclosed, and ripened into title despite the uncertainty of the description contained in his deed.

There is no proof that this ownership upon the part of the plaintiff was ever divested by any person. There was, of course, conflicting evidence; but the jury had the case under proper instructions; and they have found for the plaintiff, and, in addition, have allowed him fifty dollars upon his prayer for damages for trespass in the erection by defendant of fences around his enclosure. We find no error in the record prejudicial to the substantial rights of the defendant.

The judgment is affirmed.